Harijot S. Khalsa, Esq. (SBN 277242)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste 150
San Diego, CA  92108
Tel:   619/758-1891
Fax:   619/296-2013
hskhalsa@sessions-law.biz
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz
Attorney for National Collegiate Student Loan Trust 2006-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY RAMIREZ, an individual<br><br>       Plaintiff,<br><br>   vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, A DELAWARE STATUTORY TRUST AND LAW OFFICES OF PATENAUDE & FELIX, A.P.C.,<br><br>       Defendants. | Case No.  15-cv-03580 EDL<br><br>ANSWER TO COMPLAINT |

Defendant, National Collegiate Student Loan Trust 2006-2 ("NCSLT"), for itself alone, responds to the Complaint filed by Plaintiff, Ashley Ramirez, as follows:

# I. INTRODUCTION

1. The allegations contained in ¶ 1 constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by NCSLT or otherwise require a response, NCSLT denies those allegations.

2. The statute referenced in ¶ 2 speaks for itself and is the best evidence of its content and the legislative history behind it. To the extent the allegations in ¶ 2 state otherwise, they are denied.

3. NCLST denies the allegations contained in ¶ 3.

4. NCSLT admits the allegations contained in ¶ 4 upon information and belief.

5. NCSLT admits the allegations contained in ¶ 5 upon information and belief.

6. NCSLT denies the allegations contained in ¶ 6.

7. NCSLT denies the allegations contained in ¶ 7.

8. NCSLT denies the allegations contained in ¶ 8.

# II. JURISDICTION

9. The allegations contained in ¶ 9 are legal conclusions to which no response is required. To the extent a response is required, NCSLT denies the allegations.

### III. PARTIES

10. NCSLT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 10, and on that basis denies the same.

11. NCSLT admits the allegations contained in ¶ 11.

12. NCSLT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 12, and on that basis denies the same.

13. NCSLT denies the allegations contained in ¶ 13.

14. The allegations contained in ¶ 14 are legal conclusions to which no response is required. To the extent a response is required, NCSLT denies the allegations.

15. The contents of ¶ 15 relate to pleading interpretation and require no response. To the extent a response is required, NCSLT denies the allegations.

### IV. FIRST CAUSE OF ACTION

16. NCSLT incorporates its responses to all the above paragraphs as though fully set forth herein

17. NCSLT denies the allegations contained in ¶ 17.

18. NCSTL denies the allegations contained in ¶ 18.

## V. SECOND CAUSE OF ACTION

19. NCSLT incorporates its responses to all the above paragraphs as though fully set forth herein

20. NCSLT denies the allegations contained in ¶ 20.

21. The allegations contained in ¶ 21 are legal conclusions to which no response is required. To the extent a response is required, NCSLT denies the allegations.

22. NCSLT denies the allegations contained in ¶ 22.

23. NCSLT denies the allegations contained in ¶ 23.

24. NCSLT denies the allegations contained in ¶ 24.

25. NCSLT denies the allegations contained in ¶ 25.

## VI. THIRD CAUSE OF ACTION

26. NCSLT incorporates its responses to all the above paragraphs as though fully set forth herein.

27. NCSLT denies the allegations contained in ¶ 27.

28. NCSLT denies the allegations contained in ¶ 28.

## VII. FOURTH CAUSE OF ACTION

29. NCSLT incorporates its responses to all the above paragraphs as though fully set forth herein.

30. NCSLT denies the allegations contained in ¶ 30.

31. NCSLT denies the allegations contained in ¶ 31.

32. NCSLT denies the allegations contained in ¶ 32.

33. NCSLT denies the allegations contained in ¶ 33.

34. The allegations contained in ¶ 34 are legal conclusions to which no response is required. To the extent a response is required, NCSLT denies the allegations.

35. NCSLT denies the allegations contained in ¶ 35.

36. NCSLT denies the allegations contained in ¶ 36.

37. NCSLT denies the allegations contained in ¶ 37.

## VIII. FIFTH CAUSE OF ACTION

38. NCSLT incorporates its responses to all the above paragraphs as though fully set forth herein.

39. NCSLT denies the allegations contained in ¶ 39.

40. NCSLT denies the allegations contained in ¶ 40.

41. NCSLT denies the allegations contained in ¶ 41.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCSLT alleges the Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCSLT alleges that Plaintiff consented to and/or invited the conduct for which she seeks relief. Plaintiff's claims are barred by assumption of risk and/or consent in that Plaintiff knowingly breached her student loan contract causing the underlying collections lawsuit.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCSLT alleges that Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, NCSLT alleges Plaintiff's claims in this action are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, NCSLT alleges the sole and/or proximate cause of damages claimed by Plaintiff was and is due to the willful and intentional acts of persons and/or entities other than Defendants.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, NCSLT alleges that any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than

Defendants and was beyond the control or supervision of Defendants or for whom Defendants were and are not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, NCSLT alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, NCSLT alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, one or more claims asserted by Plaintiff are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, NCSLT currently has insufficient information upon which to form a belief as to whether they have additional affirmative defenses available. NCSLT reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, NCSLT respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of NCSLT;

3. NCSLT be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. NCSLT be granted such other and further relief as the Court deems just and proper.

Dated: 9/15/15            SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/Harijot S. Khalsa
Harijot S. Khalsa
Attorney for Defendant
National Collegiate Student Loan Trust 2006-2